EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
ANDREW L. CREIGHTON (Maryland State Bar Member)
Trial Attorney, Criminal Division
U.S. Department of Justice
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559/(202) 531-9339
     Facsimile: (213) 894-3713
     E-mail:   Kim.Meyer@usdoj.gov
               Andrew.Creighton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 15-662-ODW |
| Plaintiff, | EX PARTE APPLICATION FOR PROTECTIVE ORDER REGARDING WITNESS IDENTIFYING INFORMATION, OTHER PERSONAL IDENTIFYING INFORMATION, AND SECURITY OF BANK OPERATIONS |
| v. | |
| TU CHAU LU, | |
|   aka "William Lu," | |
|   aka "Bill Lu," | [(PROPOSED) ORDER LODGED SEPARATELY] |
|   aka "Bill," | |
|   aka "Uncle Bill," | |
| TSUNG WEN HUNG, | |
|   aka "Peter Hung," | |
|   aka "Peter," | |
| EDWARD KIM, | |
|   aka "Eddie," | |
| JOHN EDMUNDSON, | |
| PABLO HERNANDEZ, | |
| EMILIO HERRERA, | |
| MINA CHAU, | |
| BEN HO, | |
| TOM HUYNH, | |
|   aka "The Fat Guy," | |
| RENALDO NEGELE, | |
| JACK NGUYEN, | |
| LUIS KRUEGER, | |
| LI JESSICA WEI, | |

|   |
|---|
| aka "Wei Jessica Li," |
| aka "Ji Li Wei," |
| aka "Wei Ji Li," |
| aka "Jenny," |
| DU TRUONG NGUYEN, |
|     aka "Andrew," |
| RICHARD CHEUNG, |
|     aka "Richard Cheang," and |
| LIEN TRAN, |
| |
|     Defendants. |

1.   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer and Department of Justice Trial Attorney Andrew L. Creighton, hereby file this Ex Parte Application For Protective Order Regarding Witness Identifying Information, other Personal Identifying Information, and Security of Bank Operations (the "Application").

2.   A version of this Application was sent to counsel on January 7, 2016, inviting their respective positions.  This Application was not sent to counsel for defendant Emilio Herrera, who has yet to make an appearance in this district.  On January 11, 2016, government counsel sent a version of the application to counsel for defendant Pablo Hernandez, who appeared for post-indictment arraignment in this district on January 8, 2016.

   a.   The following defendants, through counsel, expressed the following objections:  All defendants object to the provision of paragraph 4(e) prohibiting any defendant from retaining in his or her possession copies of Protective Order Discovery.  Counsel for defendant Ben Ho (#8) has requested a status conference at the Court's earliest convenience to resolve this issue.

3.   The bases for this Application are the following:

      a.    The government's evidence in this case consists, in substantial part, of audio and video recordings of meetings and telephone calls between confidential sources, undercover agents, and defendants and other individuals, transcripts of those recorded meetings and telephone calls, and emails between confidential sources, undercover agents, and defendants and other individuals. The security of those confidential sources may be placed at risk by dissemination of information pertaining to their identities, including names, photos, audio, video, dates of birth, email addresses, phone numbers, and other personal identifying information ("protected witness information").

      b.    The government's evidence in this case also contains banking records and other information that may contain bank account numbers and other personal identifying information ("PII"), of defendants and potential third parties, as well as information pertaining to the security of bank operations, that should be protected from dissemination.

   4.    Consequently, the government requests that the Court issue a Protective Order that mandates the following:

      a.    For purposes of the Protective Order, the term "defense team" refers to a defendant's counsel of record, and any co-counsel or employee of counsel of record, including other attorneys, paralegals, investigators, law students, and secretarial assistants within the office, and retained experts and outside investigators. The defense team, for purposes of this Order, does not include defendants. Defendants and their respective defense teams are covered by the terms of this Protective Order.

      b.   The government will not disseminate any discovery or correspondence that reveals protected witness information. Instead, the government shall endeavor to redact all protected witness information for each such witness from the relevant transcripts, emails, and reports and such documents will be stamped to clearly identify that they fall under the terms of the Protective Order, as described herein. In place of true names, the government will designate numbers for each protected witness. If an inadvertent production includes a witness's true name or other protected information, the recipient shall promptly return to the government all such inadvertently produced documents. This provision does not alter the government's obligation to disclose the identity of any informant who has actively participated and/or was a percipient witness to the acts which form the basis for the prosecution.

      c.   Any document containing protected witness information, personal identifying information of defendants or potential third parties, or information regarding the security of bank operations constitutes "Protective Order Discovery," whether such information is redacted or not. Upon receipt of materials designated as "Protective Order Discovery," defense counsel of record will ensure that every member of the defense team who is provided access to such materials, and defendant, have reviewed the terms of the Protective Order.

      d.   No member of the defense team shall show Protective Order Discovery to anyone other than defendant and other members of the defense team who have read the protective order.

      e.   No member of the defense team shall permit anyone who is not a member of the defense team, including but not limited to defendant, to retain in his possession Protective Order Discovery.

While not able to retain such materials, defendants are entitled to review such materials either in the presence of a defense team member or in the offices of their defense team.

     f.   Neither defendant nor any member of the defense team shall divulge the contents of Protective Order Discovery to anyone other than members of the defense team or defendant.

     g.   Members of the defense team shall keep Protective Order Discovery either in their immediate possession or in the defense team's offices.

     h.   The parties shall not, in any court filings, both pre- and post-trial, write or type the true name or any other protected information of any of the government's protected witnesses. The parties, instead, will use the naming conventions for relevant witnesses.

     i.   Defense counsel may orally disclose to their clients the names of protected witnesses.

     j.   At the conclusion of this criminal case (including the final determination of any appeal), and upon consent from defendant, defense counsel shall return to the government all Protective Order Discovery or shall destroy all such Protective Order Discovery and certify to the government that such discovery has been destroyed. In the event that there is a substitution of counsel prior to when such documents must be returned, new counsel are also subject to the terms of this Protective Order.

k.  This Protective Order may be modified only through a superseding order issued by this Court.

Respectfully submitted,                EILEEN M. DECKER
                                       United States Attorney
Dated: January 11, 2016
                                       LAWRENCE S. MIDDLETON
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                           /s/_____
                                       KAREN I. MEYER
                                       Assistant United States Attorney
                                       ANDREW L. CREIGHTON
                                       Trial Attorney


                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

6