1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA    )
                            )
            Plaintiff,       )
                            )       CR 15-00662-ODW-5
            v.               )
                            )
Pablo Velasco Hernandez ,   )
                            )       **CRIMINAL MOTION AND
            Defendants.      )       TRIAL ORDER**
                            )
                            )       Jury Trial: March 1, 2016  9:00 am
_____ )

    This matter is set for trial before the Honorable Otis D. Wright II, United States District Judge, Courtroom 11, United States Courthouse, 312 N. Spring Street, Los Angeles, California 90012.

## A.  **PRETRIAL AND TRIAL DATES AND MOTIONS**

    1.    Pretrial motions shall be filed on or before (**Court will set ALL dates later**).  Motions expected to take more than one hour of court time must include a time estimate beneath the hearing date on the face page of the motion.

    Oppositions (or notices of non-opposition) shall be filed on (Monday

1  preceding three weeks before trial.)

2  Replies (optional) shall be filed on _____ (Monday one week

3  before trial).

4  Local Rule 7-12 will apply to papers not timely filed by a party.

5  Adherence to these timing requirements is essential to chambers'

6  preparation of motion matters.

7  2.  Memoranda of Points and Authorities in support of or in opposition to

8  motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.  Only in rare

9  instances and for good cause shown will the Court grant an application to extend these

10  page limitations.  No supplemental brief shall be filed without prior leave of court.

11  **Typeface shall comply with Local Rule 11-3.1.1. (Civil).  <u>NOTE</u>:  Times New**

12  **Roman font must be used; the size must be no less than 14.**  Footnotes shall be in

13  typeface no less than two sizes smaller than text size and shall be used sparingly.

14  3.  Filings that do not conform to the Local Rules and this Order may not

15  be considered.

16  4.  Before filing any motion for discovery, a party shall consult with

17  opposing counsel to ascertain whether the requested discovery will be provided.  All

18  discovery motions shall state <u>with particularity</u> what is requested, the basis for the

19  request, whether the discovery has been  requested from opposing counsel, and

20  whether the discovery has been declined, in whole or in part.  Motions made without

21  prior consultation with opposing counsel or that fail to include the above information

22  may not be heard.

23  5.  **Trial is set for Tuesday, March 1, 2016 at 9:00 a.m.**

24  6.  All documents shall be e-filed and served on opposing counsel at

25  approximately the same time.

26  7.  Courtesy copies of all electronically filed documents must be delivered

27  to Judge Wright's chambers on the Spring Street level of the U.S. Courthouse, 312

28  North Spring Street not later than 12:00 noon the following business day.  For security

2

reasons, courtesy copies should be removed from envelopes or folders before placing them in the courtesy-copy drop box.

8.      All Counsel are to list e-mail addresses, facsimile transmission numbers, along with street address (no Post Office box numbers) and telephone numbers, on all papers submitted to the Court.

## B. DISCOVERY & NOTICE

Counsel shall comply promptly with discovery and notice pursuant to Rules 12, 12.1, 12.2, 12.3, 12.4, 15, and 16 of the Federal Rules of Criminal Procedure. On government counsel's discovery of any evidence within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be produced forthwith to counsel for the defendant. Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of : (1) evidence obtained by electronic surveillance; and (2) testimony by a government informer.

## C. TRIAL  REQUIREMENTS

1.      **No later than one week before trial**, counsel for the government shall file with the Court:

a.      In camera (under seal) all statements of all witnesses to be called by the Government in its case-in-chief;

b.      A Trial Memorandum setting forth a factual summary of the government's case, a statement of the charges and the elements of each charge, an estimate of the length of the government's case in chief, including anticipated cross-examination, the names of  witnesses the government intends to call, and a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. Counsel for the government shall attempt to obtain defense counsel's agreement to the factual summary, statement of the charges, time estimate for cross-examination of the government's witnesses, and legal and evidentiary issues.

2.     Counsel shall arrive at the Courtroom no later than 8:30 a.m. on the first day of trial.

3.     Counsel for the government shall present the courtroom deputy clerk (CRD) with the following documents on the first day of trial:

a.     Three copies of the government's witness list;

b.     Three copies of the government's exhibit list in the form specified in Local Rule 16-5 (Civil);

c.     A bench book containing a copy of the indictment/ information, a copy of all exhibits that can be reproduced, and a copy of the witness list.  Each exhibit shall be tabbed with the exhibit number for easy referral;

d.     All of the government's exhibits, with official exhibit tags attached and bearing the same number shown on the exhibit list.  Exhibit tags may be obtained from the receptionist in the Public Intake Section, located on the Main Street level of the courthouse at 312 North Spring Street, Room G-8.  Exhibits shall be numbered 1, 2, 3, etc., NOT 1.1, 1.2, etc.  If a "blow-up" is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A."

4.     The Court orders that exhibits such as firearms, narcotics, etc., remain in the custody of a law enforcement agent during the pendency of the trial.  It shall be the responsibility of the agent to produce any such items for court, secure them at night and guard them at all times while in the courtroom.

5.     Defense counsel need not deliver defense exhibits to the CRD on the first day of trial; however, defense counsel is responsible for affixing completed exhibit tags with the case name and case number to all exhibits to be used in Defendant's case.

6.     Defense counsel shall provide a three ring binder, if possible, tabbed with numbers to correspond to the exhibits counsel expects to introduce.  Defense counsel shall provide the Court with a copy of defense exhibits as they are introduced during trial.

7.     Defense counsel shall provide the CRD and the court reporter with the

4

defense witness list and defense exhibit list.

8.      A copy of the exhibit list with all **admitted exhibits** will be given to the jury during deliberations.  Government and defense counsel shall review and approve the exhibit list with the CRD before the list is given to the jury.

9.      If any counsel wishes to arrange for the use of additional equipment, such as video monitors, overhead projectors, etc., counsel shall notify the CRD no later than 4:00 p.m. at least one week before trial so that the necessary arrangements may be made.

10.     Counsel shall not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made by the Court

11.     On the day of jury selection, trial will begin at 9:00 a.m.  Counsel will appear at 8:30 a.m.  Thereafter, trial days are Tuesday through Friday, 9:00 a.m. to 4:30 p.m., with two fifteen-minute breaks during the morning and afternoon sessions. If counsel contemplate that this schedule will be problematic due to the unavailability of witnesses, counsel should provide details to the Court at the Status Conference.

12.     Before trial begins, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the court of any concerns or accommodations that are requested for parties or witnesses.  During trial, if there are any matters to be discussed outside the presence of the jury, counsel shall advise the CRD of the request.  The Court discourages sidebars during trial.

13.     On the day of jury selection, the Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters. Jury selection will commence promptly at 9:00 a.m. or as soon as jurors are available.  Thereafter, legal and administrative matters shall be addressed between 8:30 a.m. and 9:00 a.m.  All counsel are urged to anticipate matters that may need to be addressed outside of the

presence of the jury and to raise them during this period, during breaks, or at the end of the day.  The Court does not make jurors wait while counsel discuss matters that should have been addressed previously.  Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues.  Short briefs addressing such disputed issues are welcome.

14.   Should counsel for the government wish to order transcripts, they shall provide agency authorization to the court reporter at the time the request is made.

15.   NOTE: Counsel for both parties are instructed not to bring excessive exhibits to trial, but only those exhibits that will actually be used.

## D. JURY INSTRUCTIONS, VERDICT FORMS & QUESTIONNAIRES

1.   **No later than one week before trial**, counsel shall submit both general and substantive jury instructions in the form described below.  If possible, all instructions should be taken from the *Manual of Model Criminal Jury Instructions for the Ninth Circuit* (West Publishing, current edition).  In those cases where a special verdict is requested, counsel shall submit a proposed verdict form with the jury instructions.  Counsel shall submit the proposed instructions and a "clean" set of such instructions, as set forth below.

2.   The parties must submit JOINT jury instructions and a JOINT proposed verdict form (if a special verdict is requested).  In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date, with the goal of agreeing on instructions and verdict forms.  Where the parties cannot agree, disputed instructions shall be submitted one week before trial as follows: 1) JOINT jury instructions (those instructions agreed to by all parties), and 2) DISPUTED jury instructions (those instructions propounded by a party to which another party objects).  On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction.  On the

following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

3.     Jury instructions should be modified as necessary to fit the facts of the case (*e.g.*, inserting names of defendant(s) to whom instruction applies). Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. Where no applicable Ninth Circuit model instruction is available, counsel are directed to use the instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), *Federal Jury Practice and Instructions* (West Publishing Co., current edition).

4.     An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

a.  The number of the instruction;

b.  A brief title of the instruction;

c.  The source of the instruction; and

d.  The page number of the instruction.

*EXAMPLE:*

| Number | Title | Source | Page Number |
|---|---|---|---|
| #1 | Conspiracy-Elements | 9th Cir.8.5.1 | 1 |

5.     One or more copies of the instructions will be given to the jury during deliberations. Accordingly, counsel shall summit a "clean" set of all instructions, containing only the text of each instruction, set forth in full on each page, with the caption "Court's Instruction No. _____" (eliminating titles, supporting authority, indication of party proposing, etc.)

6.     If counsel wish to submit a written questionnaire to prospective jurors, a motion shall be made in writing, with the proposed questionnaire attached, no later

than eight weeks before the trial date. The Court does not routinely use questionnaires. Counsel should attempt to discuss this issue and reach a proposed agreement before submitting the motion to the Court.

7. At least one week before trial, each counsel must file with the CRD and serve on opposing counsel any proposed questions to be asked of prospective jurors. Counsel shall also file a Joint Statement of the Case which the Court will read to prospective jurors prior to the commencement of voir dire. The statement shall not exceed one page.

## E. INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL

1. Counsel shall not refer to any witness -- including a client -- over 14 years of age by his/her first name.

2. Counsel shall not discuss the law or argue the case in opening statements.

3. Counsel shall not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, counsel shall stand, state only the legal ground of the objection, *e.g.*, hearsay, irrelevant, etc. Counsel shall not argue an objection before the jury. Requests to approach sidebar to further argue an objection should be made sparingly, and may not be granted.

4. Counsel shall not make facial expressions, nod, or shake their heads, comment or otherwise exhibit in any way any agreement, disagreement or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

5. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

6. Counsel shall question witnesses from the lectern. Counsel shall not

approach the witness box or enter the well without the Court's permission, and shall return to the lectern when counsel's purpose has been accomplished.

7.     Counsel should speak clearly when questioning witnesses, making objections, etc.

8.     No document shall be placed before a witness unless a copy has been provided to the Court.  Counsel may consider such devices as overhead projectors, jury notebooks for admitted exhibits, or enlargements of important exhibits.  The Court has an Elmo and other equipment available for use during trial.  Call the CRD if you wish to visit when the Court is not in session to practice using the equipment. The Court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed using the screen in the courtroom.

9.     Water will be provided at counsel table.  Water cups are not to be brought to the lectern.  No other beverages are permitted in the courtroom.  Food is not permitted in the courtroom.

10.     Counsel shall rise when addressing the Court.  In jury trials, counsel and the defendant shall rise when the jury enters or leaves the courtroom.  [Special procedures or exceptions may apply when the defendant is in custody or restrained.]

11.     In trial, all remarks shall be addressed to the Court.  Counsel shall not directly address the CRD, the court reporter or opposing counsel.  All requests for re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court

12.     Counsel should not offer a stipulation without having first conferred and reached an agreement with opposing counsel.  Any stipulation of fact will require defendant's personal concurrence and shall be submitted to the Court in writing for approval.  A proposed stipulation should be explained to defendant in advance.

13.     While court is in session, counsel shall not leave counsel table to confer with investigators, paralegals, or witnesses unless permission is granted in advance.

14.     When a party has more than one lawyer, only one lawyer may conduct

the examination of a given witness, and only that same lawyer may handle objections during the testimony of that witness.

15.     If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when court resumes.

16.     Counsel are directed to have witnesses available throughout the court day.  If no witnesses are available and there is more than a brief delay, the Court may deem counsel to have rested.

17.     The Court attempts to cooperate with expert witnesses and other professionals, and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel are urged to anticipate any such possibility and to discuss it with opposing counsel.  If there is an objection, counsel shall confer with the Court in advance.

18.     Counsel must notify the CRD in advance if any witness should be accommodated based on the Americans with Disabilities Act or for other reasons.

19.     Counsel are advised to be on time, as the Court makes every effort to start promptly.

IT IS SO ORDERED.

Dated: January 13, 2016

_____
Otis D. Wright II
United States District Judge

Rev. 05/07