EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
ANDREW L. CREIGHTON (Maryland State Bar Member)
Trial Attorney, Criminal Division
U.S. Department of Justice
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559/(202) 531-9339
    Facsimile: (213) 894-3713
    E-mail:   Kim.Meyer@usdoj.gov
              Andrew.Creighton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TU CHAU LU,<br>   aka "William Lu,"<br>   aka "Bill Lu,"<br>   aka "Bill,"<br>   aka "Uncle Bill,"<br>TSUNG WEN HUNG,<br>   aka "Peter Hung,"<br>   aka "Peter,"<br>EDWARD KIM,<br>   aka "Eddie,"<br>JOHN EDMUNDSON,<br>PABLO HERNANDEZ,<br>EMILIO HERRERA,<br>MINA CHAU,<br>BEN HO,<br>TOM HUYNH,<br>   aka "The Fat Guy,"<br>RENALDO NEGELE,<br>JACK NGUYEN,<br>LUIS KRUEGER,<br>LI JESSICA WEI, | CR No. 15-662-ODW<br><br><u>EX PARTE APPLICATION FOR PROTECTIVE ORDER REGARDING WITNESS IDENTIFYING INFORMATION, OTHER PERSONAL IDENTIFYING INFORMATION, AND SECURITY OF BANK OPERATIONS</u><br><br>[(PROPOSED) ORDER LODGED SEPARATELY] |

```
    aka "Wei Jessica Li,"
    aka "Ji Li Wei,"
    aka "Wei Ji Li,"
    aka "Jenny,"
DU TRUONG NGUYEN,
    aka "Andrew,"
RICHARD CHEUNG,
    aka "Richard Cheang," and
LIEN TRAN,

        Defendants.
```

1. Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer and Department of Justice Trial Attorney Andrew L. Creighton, hereby files this Ex Parte Application For Protective Order Regarding Witness Identifying Information, other Personal Identifying Information, and Security of Bank Operations (the "Application").

2. On January 28, 2016, the Court held a hearing on the terms of any protective order, and heard defendants' objections, including to the provision prohibiting any defendant from retaining in his/her possession copies of Protective Order Discovery.

3. The bases for this Application are the following:

    a. The government's evidence in this case consists, in substantial part, of audio and video recordings of meetings and telephone calls between confidential sources, undercover agents, and defendants and other individuals, transcripts of those recorded meetings and telephone calls, and emails between confidential sources, undercover agents, and defendants and other individuals. The security of those confidential sources may be placed at risk by dissemination of information pertaining to their identities, including names, photos, audio, video, dates of birth, email

addresses, phone numbers, and other personal identifying information ("protected witness information").

    b. The government's evidence in this case also contains banking records and other information that may contain bank account numbers and other personal identifying information ("PII") of defendants and potential third parties, as well as information pertaining to the security of bank operations, that should be protected from dissemination.

4. Consequently, the government requests that the Court issue a Protective Order that mandates the following:

    a. For purposes of the Protective Order, the term "defense team" refers to a defendant's counsel of record, and any co-counsel or employee of counsel of record, including other attorneys, paralegals, investigators, law students, and secretarial assistants within the office, retained experts and outside investigators, and defendant. Defense teams, including defendants, are covered by the terms of this Protective Order.

    b. The government will not disseminate any discovery or correspondence that reveals protected witness information. Instead, the government shall endeavor to redact all protected witness information for each such witness from the relevant transcripts, emails, and reports and such documents will be stamped to clearly identify that they fall under the terms of the Protective Order, as described herein. In place of true names, the government will designate numbers for each protected witness. If an inadvertent production includes a witness's true name or other protected information, the recipient shall promptly return to the government all such inadvertently produced documents. This provision does not

1 alter the government's obligation to disclose the identity of any
2 informant who has actively participated and/or was a percipient
3 witness to the acts that form the basis for the prosecution.
4     c. Any document containing protected witness information,
5 personal identifying information of defendants or potential third
6 parties, or information regarding the security of bank operations,
7 constitutes "Protective Order Discovery," whether such information is
8 redacted or not.  Upon receipt of materials designated as "Protective
9 Order Discovery," defense counsel of record will ensure that every
10 member of the defense team who is provided access to such materials,
11 including defendant, has reviewed the terms of the Protective Order.
12     d. No defendant shall show Protective Order Discovery to
13 anyone other than other members of the defense team.
14     e. No member of the defense team shall permit anyone who
15 is not a member of the defense team to retain in his possession
16 Protective Order Discovery.
17     f. Before any defense counsel may provide written
18 Protective Order Discovery to a defendant, defense counsel shall
19 ensure that the name(s) or any other identifiers of any confidential
20 source are not included in the Protective Order Discovery so
21 provided.  With respect to defendants in custody, after review by
22 defense counsel for the name(s) or any other identifiers of any
23 confidential source, Protective Order Discovery may be provided to
24 defendants in electronic format.  Protective Order Discovery may not
25 be provided in hard copy or paper form to any defendant in custody.
26     g. No member of the defense team, including defendant,
27 shall provide or disseminate any Protective Order Discovery to anyone
28 other than members of the defense team.  No defendant shall divulge

4

or make readily available the contents of Protective Order Discovery to anyone other than members of the defense team.

  h. All members of the defense team shall keep Protective Order Discovery either in their immediate possession or in the defense team's offices.

  i. The parties shall not, in any court filings, both pre- and post-trial, write or type the true name or any other protected witness information of any of the government's protected witnesses. The parties, instead, will use the naming conventions for relevant witnesses.

  j. Defense counsel may orally disclose to their clients the names of protected witnesses.

  k. At the conclusion of this criminal case (including the final determination of any appeal), defense counsel shall obtain from defendant the copy of any Protective Order Discovery provided to defendant.

  l. At the conclusion of this criminal case (including the final determination of any appeal), and upon consent from defendant, defense counsel shall return to the government all Protective Order Discovery or shall destroy all such Protective Order Discovery and certify to the government that such discovery has been destroyed. In the event that there is a substitution of counsel prior to when such documents must be returned, new counsel are also subject to the terms of this Protective Order.

m.  This Protective Order may be modified only through a superseding order issued by this Court.

Respectfully submitted,           EILEEN M. DECKER
                                  United States Attorney
Dated: February 19, 2016
                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                       /s/
                                  KAREN I. MEYER
                                  Assistant United States Attorney
                                  ANDREW L. CREIGHTON
                                  Trial Attorney


                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

6